UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81300-CIV-MARRA/MATTHEWMAN

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
AMTRUST BANK,

Plaintiff,

vs.

GROUP ONE MORTGAGE, INC, a Florida
corporation, ROBERT BASHWINER, an
individual and DOES 1 through 40,

Defendants.
_____/

**OPINION AND ORDER**

   This cause is before the Court upon Defendant Group One Mortgage, Inc. and Robert Bashwiner's Motion to Dismiss (DE 19). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

  I.  Background

  Plaintiff Federal Deposit Insurance Corporation as Receiver for AmTrust Bank ("Plaintiff") filed a five-count Amended Complaint (DE 15) against Defendants Group One Mortgage, Inc. ("Group One") and Robert Bashwiner ("Bashwiner") (collectively, "Defendants"). Plaintiff brings claims for fraud against Bashwiner (count one), negligent misrepresentation against Bashwiner (count two), aiding and abetting fraud against Bashwiner (count three), breach of contract against Group One (count four) and, in the alternative, negligent supervision against Group One (count five). The Amended Complaint alleges the following:

  Under the Federal Deposit Insurance Act, Plaintiff is authorized to be appointed as

receiver for failed insured depository institutions. (Am. Compl. ¶ 3.) AmTrust was a federally chartered savings bank that focused a core portion of its business on mortgage banking and purchasing mortgage loans on the secondary market. (Am. Compl. ¶¶ 3, 7.) AmTrust was closed in 2009 by the Office of Thrift Supervision. Plaintiff was appointed receiver and is tasked with the obligation to recover losses incurred as a result of AmTrust's operations. (Am. Compl. ¶ 4.)

As part of its regular business practice, AmTrust entered into contracts with mortgage brokers who submitted mortgage loans for funding and purchase by AmTrust. (Am. Compl. ¶ 8.) On or about January 5, 2004, AmTrust and Group One entered into a loan purchase agreement ("Broker Agreement") in which Group One sold and/or delivered to AmTrust mortgage loans. (Am. Compl. ¶ 9.) That Agreement provided, among other things, that Group One represented and warranted to AmTrust that the information contained in the underwriting package was "complete, true and correct." (Am. Compl. ¶ 10(1)(a).)

On or about June 30, 2006, a mortgage loan in the amount of $594,000.00 was issued to Sheryl McNulty ("Borrower") for the purchase of a residential property located in Jupiter, Florida. (Am. Compl. ¶ 11.) Group One funded the loan and almost immediately sold it to AmTrust pursuant to the Broker Agreement. (Am. Compl. ¶ 12.) Bashwiner served as Group One's loan officer. (Am. Compl. ¶ 13.) The HUD-1 settlement statement for the loan, along with other documents, stated that the purchase price was $660,000. Before the loan could close, the Borrower was required to pay a deposit of $72,606 to ensure she had a personal interest in repaying the loan. (Am. Compl. ¶ 15.) Bashwiner testified in a deposition in a related matter that, on July 5, 2006, he accepted $72,423 that had originated from the bank account owned by the Seller of the property. (Am. Compl. ¶ 17.) He deposited the $72,423 into his personal bank

account and then purchased a cashier's check, in the Borrower's name, for $72,606.45. (Am. Compl. ¶18.)   Consequently, the loan proceeds were the only consideration paid for the property. (Am. Compl. ¶ 20.)

Defendants also misrepresented the Borrower's employment, income, occupancy and credit on the loan application. (Am. Compl. ¶ 21.)  The loan was submitted as a purchase of a primary residence, even though the Borrower never occupied the property. (Am. Compl. ¶ 22.) The Borrower's credit was also misrepresented because the Borrower had purchased two additional properties, with two mortgages on each for a total of $1,536,000 in liabilities, which were not disclosed in the loan application. (Am. Compl. ¶ 23.)

Defendants move to dismiss counts one, three, and five of the Amended Complaint. Specifically, Defendants contend that the fraud claim is deficient because it does not allege facts showing that Bashwiner knew or should have known that the deposit funds originated with the Seller.  With respect to the claim for aiding and abetting fraud, Defendants state that, assuming this cause of action exists in Florida, the Amended Complaint fails to allege the underlying fraud with the necessary particularity.  With respect to the negligent supervision claim, Defendants argue that there are no factual allegations of a relationship giving rise to a duty on the part of Group One. Nor are there adequate allegations to establish a breach of a duty to supervise. Lastly, Defendants contend that this claim is barred by the economic loss rule.

## II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion[1]

A. Count one

There are four elements of fraudulent misrepresentation: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010); see Jackson v. Shakespeare Foundation, Inc., 108 So. 3d 587, 595 n.2 (Fla. 2013) (same). Here, Defendants contend that the Amended Complaint fails to establish Bashwiner knew that the representations were false at the time he made them.  Specifically, Defendants state that count one does not allege facts showing that Bashwiner knew the Seller was the true source of the funds at the time of the alleged misrepresentation nor are there any allegations that Bashwiner should have known the funds originated from the Seller. (Mot. at 4-5.)

The Court disagrees.  The Amended Complaint alleges that Bashwiner accepted $72,423 that originated from the Seller's bank account,[2] deposited the funds into his personal bank account, but had the Borrower's name listed as the remitter of the cashier's check. (Am. Compl.

---

[1] In a diversity case, the Court applies Florida law. See Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132-33 (11th Cir. 2010); Royal Ins. Co. of America v. Whitaker Contracting Corp., 242 F.3d 1035, 1040 (11th Cir. 2001).

[2] Defendants state that the Amended Complaint only alleges that Bashwiner testified that he accepted funds that originated from a bank account owned by the Seller and does not allege that Bashwiner "knew" the funds originated from the Seller's bank account. (Reply at 2.) Clearly, the inference is that Bashwiner knew and Defendants are simply parsing language. Of course, at a later stage in the case, should Defendants be able to show that Bashwiner lacked knowledge, they can prevail on this count.

¶¶ 17-19.)  These allegations constitute knowledge.  Defendants attempt to dispute these facts by making factual assertions that are outside the four corners of the Amended Complaint.  (Mot. at 4-5.)  The Court, however, cannot consider these on a motion to dismiss.  St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (the Court's scope of review on a motion to dismiss is limited to the four corners of the complaint).  Hence, Defendants' motion to dismiss this count is denied.

### B. Count three

Defendants also challenge the sufficiency of Plaintiff's claim that Bashwiner aided and abetted fraud.[2]  To state a cause of action for aiding and abetting fraud, a plaintiff must allege "(1) there existed an underlying fraud; (2) the defendant had knowledge of the fraud and (3) the defendant provided substantial assistance to advance the commission of the fraud."  ZP No. 54 Ltd. Partnership v. Fidelity and Deposit Co. of Maryland, 917 So.2d 368, 372 (Fla. Dist. Ct. App. 2005).

Rule 9(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting

---

[2] The Court notes that it is unclear whether aiding and abetting fraud exists as a cause of action in Florida. Tippens v. Round Island Plantation L.L.C., No. 09-CV-14036, 2009 WL 2365347, * 5 (S.D. Fla. 2009). However, despite its uncertain status, various Florida courts have nonetheless assessed the sufficiency of a claim for aiding and abetting fraud through an application of the test articulated by the Florida Fifth District Court of Appeal in ZP No. 54 Ltd. Partnership v. Fidelity and Deposit Co. of Maryland, 917 So.2d 368, 372 (Fla. Dist. Ct. App. 2005). See also Hines v. FiServ, Inc., No. 8:08-cv-2569-T-30AEP, 2010 WL 1249838, * 4 (M.D. Fla. 2010), and Tippens, 2009 WL 2365347, * 5 (S.D. Fla. 2009).

defendants against spurious charges of immoral and fraudulent behavior." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997) (quoting Durham v. Business Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)) (internal quotation marks omitted). This Rule is satisfied if the complaint sets forth (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff and (4) the defendants' gain due to the alleged fraud. See id. (quoting Brooks, 116 F.3d at 1371). That stated, the Court must not allow the application of Rule 9(b) to vitiate the overall concept of notice pleading. See Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).

      The Court finds that the Amended Complaint satisfies this heightened pleading standard. The Amended Complaint alleges that Defendants engaged in a fraud by aiding the Borrower in making false representations regarding the Borrower's employment, income, occupancy and credit on the loan application. (Am. Compl. ¶¶ 22-23, 44, 47.) Additionally, the Amended Complaint states that Bashwiner disguised the funds to make it appear that the Borrower had purchased the check for her own down payment in order to mislead the closing agent and Plaintiff as to the source of this money. (Am. Compl. ¶¶ 13-20, 24, 45.)

      Defendants, however, claim that the Amended Complaint is fraught with deficiencies and fails to plead fraud with particularity. For example, Defendants contend (1) the general allegations regarding the loan application is not incorporated into count three; (2) the Amended Complaint does not identify what statements were made by the Seller and in what documents those statements were made; (3) there is no indication as to the time and place of any of the alleged fraudulent statements and (4) there are no allegations identifying the content and the

manner in which the statements misled Plaintiff.  With respect to the lack of incorporation, Defendants are correct and Plaintiff should amend to correct this.  A review of the Amended Complaint alleges that the Seller financed the Borrower's down payment (Am. Compl. ¶ 16) and Bashwiner deposited the Seller's funds into his own personal bank account and used this money to obtain a casher's check in the Borrower's name (Am. Compl. ¶ 18).  In addition, the Amended Complaint identifies the HUD-1 Settlement Statement and the loan applications as the documents where the misrepresentations were made.  The date of these misrepresentations will therefore be apparent from the face of these documents.  Clearly, these allegations satisfy the fraud pleading requirements. Finally, the Amended Complaint adequately alleges that Plaintiff was misled and would not have purchased the loan had it known about these misrepresentations. (Am. Compl. ¶ ¶ 15, 24, 45.)

Based on the foregoing, Plaintiff shall amend count three simply to incorporate the general allegations made regarding the loan application.

### C.  Count five

The parties agree that, to prove a cause of action for negligent supervision, a plaintiff must show: (1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty and (3) proximate causation of injury by virtue of breach. See Albra v. City of Fort Lauderdale, 232 F. App'x 885, 888 (11th Cir. 2007) (citing Roberson v. Duval County School Bd., 618 So.2d 360, 362 (Fla. Dist. Ct. App. 1993); Wynn v. City of Lakeland, 727 F. Supp. 2d 1309, 1319 (M.D. Fla. 2010); Gutman v. Quest Diagnostics Laboratories, Inc., 707 F. Supp. 2d 1327, 1331 (S.D. Fla. 2010); Department of Environmental Protection v. Hardy, 907 So. 2d 655, 660-61 (Fla. Dist. Ct. App. 2005).

Here, Defendants contend that the elements of duty and breach have not been properly alleged. With respect to the element of duty, the Court disagrees. Plaintiff alleges that Group One had a duty to AmTrust to properly supervise its employee, Bashwiner. (Am. Complaint ¶ 56.)  This duty stems from the Broker Agreement which, among other things, provided that Group One represented and warranted to AmTrust that the information contained in the underwriting package is "complete, true and correct." (Am. Compl. ¶10(1)(a).)  Based on that agreement, the Court rejects Defendants' characterization of the relationship between Group One and AmTrust as simply being an arms-length commercial relationship with no duty owed. Instead, the Court finds that, as alleged, the Broker Agreement created a duty to provide truthful information to AmTrust.

Conversely, the Court does agree with Defendants that the Amended Complaint fails to allege sufficient facts to establish breach of a duty to supervise.   With respect to the element of breach, Plaintiff must demonstrate facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action.  Inman v. Am. Paramount Financial, No. 12–12049, 2013 WL 1729801, at * 3 (11th Cir. Apr. 22, 2013); Hardy, 907 So. 2d at 660 (citing Garcia v. Duffy, 492 So. 2d 435, 441 (Fla. Dist. Ct. App. 1986)).  Here, the Amended complaint does not allege that Bashwiner's conduct prior to this incident was improper or that Group One had any knowledge of conduct by Bashwiner that would require it to investigate or take corrective action.  See Blue v. Miami-Dade County, No. 10-23599-CIV, 2011 WL 2447699, at * 4 (S.D. Fla. June 15, 2011) (dismissing negligent supervision claim because the plaintiff failed to allege facts indicating the defendant had prior notice of a teacher's propensity to use physical

force).   Plaintiff is given leave to amend this count, assuming Plaintiff can do so in good faith and subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure.

Finally, the Court rejects Defendants' contention that the claim for negligent supervision is barred by the economic loss rule.  See Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc., — So. 3d —, 2013 WL 828003, at * 7 (Fla. Mar. 7, 2013) (the economic loss rule now only applies in the products liability context).

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (DE 19) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is granted leave to amend.  The Second Amended Complaint shall be filed **within 14 days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of May, 2013.

_____
KENNETH A. MARRA
United States District Judge